IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PIERRE S. MACKEY, | : | |
| Plaintiff, | : | 1:14-cv-476 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| ADAM GOOD, | : | |
| Defendant. | : | |

## MEMORANDUM

### January 28, 2015

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On March 10, 2014, Plaintiff, Pierre Mackey, an inmate confined at the United States Penitentiary in Lewisburg, Pennsylvania, ("USP-Lewisburg"), initiated this *Bivens*[1] action pursuant to 28 U.S.C. § 1331.  (Doc. 1).  The named Defendant is Adam Good, a correctional officer at USP-Lewisburg.  (*Id.* at p. 2). Plaintiff alleges that on November 18, 2013, he was handing trash to Defendant through the food tray slot of his cell when Defendant roughly pressed the tray slot against his wrist causing pain.  (*Id.* at pp. 2-3).  Plaintiff alleges that Defendant then made a derogatory, racist remark to him.  (*Id.* at p. 3).  Plaintiff further alleges that Defendant denied him access to medical care when he requested treatment for his wrist.  (*Id.*).

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

On July 7, 2014, Defendant filed the instant motion to dismiss, or in the alternative, for summary judgment.  (Doc. 10).  Subsequently, on July 21, 2014, Defendant filed a statement of material facts, along with a supporting brief and exhibits.  (Docs. 11, 12).

By Order dated September 5, 2014, Plaintiff was directed to file a brief in opposition to the motion to dismiss, or in the alternative, for summary judgment. (Doc. 13).  The Order also warned Plaintiff that "failure to file his opposition within the required time will result in the motion being deemed unopposed and addressed on the merits."  (Doc. 13, p. 2).  Plaintiff failed to file a brief in opposition.  Accordingly, the motion will be deemed ripe for disposition and, for the reasons set forth below, will be granted.

## I.    STANDARDS OF REVIEW

### A.    *Bivens* Standard

Plaintiff's claims are filed pursuant to 28 U.S.C. § 1331, in accordance with *Bivens*, 403 U.S. 388.  Under *Bivens*, the District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor.  *Bivens*, 403 U.S. 388.  Pursuant to *Bivens*, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question

jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).  A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply.  *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F. Supp. 1185, 1200 n.16 (M.D. Pa. 1992).  In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young*, 809 F. Supp. at 1199.

> B.     *Motion to Dismiss*

In rendering a decision on a motion to dismiss, a court must accept the veracity of plaintiff's allegations.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  A court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims" and must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them.  *Indep. Enterprises, Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1168 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).  "[A] complaint should not

be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The test is whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief. *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993).  "The burden is on the moving party to show that there is no actionable claim."  *Javorski v. Nationwide Mutual Ins. Co.*, 2006 U.S. Dist. LEXIS 53480, *19 (M.D. Pa. 2006) (Conaboy, J.).

In this case, Defendant has framed his motion as one seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56.  *See* (Doc. 10).  When a party moves to dismiss, but where "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  FED. R. CIV. P. 12(d).  Typically, when a court converts a motion to dismiss into a motion for summary judgment under Rule 56, notice must be given to all parties of the court's intent to do so.  *Id.*; *Garcia v. Newtown Twp.*, 2010 WL 785808, at *3 (E.D. Pa. 2010).  However, if a motion to dismiss has been filed with an alternative request for summary judgment, the Third Circuit Court of Appeals has found that the alternative filing is sufficient to "place the parties on

notice that summary judgment might be entered." *Latham v. United States*, 306

Fed. Appx. 716, 718 (3d Cir. 2009) (citing *Hilfirty v. Shipman*, 91 F.3d 573, 578-

79 (3d Cir. 1996)).  Accordingly, with respect to issues like exhaustion of

administrative remedies where Defendant relies upon matters outside the

pleadings, this Court will treat Defendant's motion as one for summary judgment.

     C.    *Motion for Summary Judgment*

     Summary judgment should be rendered if the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is "no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  FED. R. CIV. P. 56(a); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340

(3d Cir. 1990).  "[T]his standard provides that the mere existence of *some* alleged

factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment; the requirement is that there be no *genuine* issue of

*material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)

(emphasis in original).  A disputed fact is "material" if proof of its existence or

nonexistence would affect the outcome of the case under applicable substantive

law.  *Id.*; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992).  An

issue of material fact is "genuine" if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 257;

*Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Electric Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323; *see also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). The nonmoving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Service*, 214 F.3d 402, 407 (3d Cir. 2000). "Inferences should be drawn in the

6

light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of North America. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993).

## II.    STATEMENT OF UNDISPUTED FACTS

Rule 56 of the Federal Rules of Civil Procedure provides: "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion."  FED. R. CIV. P. 56(e)(2).  Similarly, Middle District of Pennsylvania Local Rule 56.1 states: "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."  M.D. Pa. L.R. 56.1.

Plaintiff has failed to file a brief in opposition to Defendant's motion to dismiss, or in the alternative, for summary judgment or a responsive statement of facts; therefore, Defendant's statement of facts will be deemed admitted.  The undisputed facts, taken from Defendant's statement of material facts, (Doc. 12), and declarations and exhibits submitted therewith, are as follows.

On May 3, 2000, Plaintiff was sentenced by the United States District Court

7

for the Western District of Tennessee to a 480 term of imprisonment for drug and firearms offenses. (Doc. 11, Ex. 1, Declaration of Michael S. Romano, ¶ 2; Doc. 11, Attach. 1, Public Information for Plaintiff).

The incident at issue occurred on November 18, 2013 at USP-Lewisburg. (Doc. 12, Statement of Material Facts, ("SOF"), ¶ 12).

Defendant worked on Plaintiff's housing unit as the G Block, number two recreation officer. (SOF ¶ 12). Defendant's primary duties included escorting inmates from their cells to the recreation area and back. (SOF ¶ 13). Defendant occasionally assisted with passing out and collecting food trays to the inmates on G Block. (SOF ¶ 15).

Defendant denies slamming Plaintiff's hand in the food slot when collecting food trays on November 18, 2013, or any other day. (SOF ¶ 16).

Defendant also denies refusing Plaintiff access to medical care. (SOF ¶ 18).

A member of the medical staff is on the G Block housing unit every day and inmates have the opportunity to seek medical attention daily. (SOF ¶ 17).

Plaintiff sought and received medical care on November 19, 2013 by a physician assistant. (SOF ¶ 19). At the examination, Plaintiff requested an x-ray of his right wrist, forearm and hand due to his wrist being slammed in the food slot on November 18, 2013. (SOF ¶ 20). Examination notes reveal that Plaintiff was

not in any distress, there was no swelling or other problems with his wrist, hand or fingers, and all tests were normal. (SOF ¶ 21). The assessment ultimately concluded that any problems were resolved. (SOF ¶ 22).

The Bureau of Prisons uses the TRUINTEL computer based system to maintain all documents related to the use of an officer's force against an inmate. (SOF ¶ 23). The TRUINTEL data base was searched on June 18, 2014 for incidents related to Plaintiff, with parameters set as January 1, 2013 through December 31, 2013. (SOF ¶ 23, 24). The search revealed that there was no record of any incident involving the use of force against Plaintiff. (SOF ¶ 24).

Also on June 18, 2014, a review of the SENTRY computer generated Administrative Remedy Generalized Retrieval was performed. (SOF ¶ 1). The search revealed that Plaintiff filed the following nine (9) Administrative Remedies. (SOF ¶¶ 2-10).

In August, 2005, Plaintiff filed Administrative Remedy No. 386590-F1 at the institution level, regarding swelling and head pain. (SOF ¶ 2); (Doc. 11, Attach. 4, BOP SENTRY Report, Administrative Remedy Generalized Retrieval). The remedy was denied. (*Id.*). This request predates the allegations in the instant complaint. (SOF ¶ 2).

On September 22, 2005, the Regional Office received Administrative

Remedy No. 386590-R1, relating to swelling and head pain.  (SOF ¶ 3); (Doc. 11, Attach. 4, BOP SENTRY Report, Administrative Remedy Generalized Retrieval). The remedy was rejected.  (*Id.*).  This remedy predates the allegations in the instant complaint.  (SOF ¶ 3).

On November 12, 2013, the Regional Office received Administrative Remedy No. 758222-R1, relating to an appeal of a Disciplinary Hearing.  (SOF ¶ 4); (Doc. 11, Attach. 4, BOP SENTRY Report, Administrative Remedy Generalized Retrieval).  The Regional Office rejected the remedy on November 19, 2013.  (*Id.*).

On November 29, 2013, the Regional Office received Administrative Remedy No. 758222-R2, relating to an appeal of a Disciplinary Hearing.  (SOF ¶ 5); (Doc. 11, Attach. 4, BOP SENTRY Report, Administrative Remedy Generalized Retrieval).  The Regional Office rejected the remedy on December 9, 2013.  (*Id.*)

On December 2, 2013, the Central Office received Administrative Remedy No. 761518-A1, regarding issues with staff and allegations that Plaintiff's life was in danger.  (SOF ¶ 6); (Doc. 11, Attach. 4, BOP SENTRY Report, Administrative Remedy Generalized Retrieval).  The Central Office rejected the remedy on December 17, 2013.  (*Id.*).

On December 23, 2013, the Regional Office received Administrative Remedy No. 758222-R3, relating to an appeal of a Disciplinary Hearing.  (SOF ¶ 7); (Doc. 11, Attach. 4, BOP SENTRY Report, Administrative Remedy Generalized Retrieval).  The Regional Office rejected the remedy on December 26, 2013.  (*Id.*).

The Regional Office received Administrative Remedy No. 758222-R4 on January 6, 2014, regarding a challenge to a Disciplinary Hearing.  (SOF ¶ 8); (Doc. 11, Attach. 4, BOP SENTRY Report, Administrative Remedy Generalized Retrieval).  The Regional Office denied the remedy on January 8, 2014.  (*Id.*).

On January 13, 2014, the Central Office received Administrative Remedy No. 758222-A1, regarding a challenge to a Disciplinary Hearing.  (SOF ¶ 9); (Doc. 11, Attach. 4, BOP SENTRY Report, Administrative Remedy Generalized Retrieval).  The Central Office rejected the remedy on January 28, 2014.  (*Id.*).

Also on January 13, 2014, the Central Office received Administrative Remedy No. 761518-A2, regarding issues with staff and allegations that Plaintiff's life was in danger.  (SOF ¶ 10); (Doc. 11, Attach. 4, BOP SENTRY Report, Administrative Remedy Generalized Retrieval).  The Central Office rejected the remedy on January 30, 2014.  (*Id.*).

The Bureau of Prisons does not maintain rejected remedies.  (SOF ¶ 11).

## III.   DISCUSSION

### A.   *Rule 41(b)*

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for a plaintiff's failure to comply with procedural rules or orders of the court.  *See* FED. R. CIV. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 341 (3d Cir. 1982). In deciding whether to dismiss a case pursuant to Rule 41(b), the court must consider the factors identified in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984).  The six (6) factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868.  Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See Shahin v. Delaware*, 345 Fed. Appx. 815, 817 (3d Cir. 2009) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

First, in the present matter, Plaintiff is *pro se* and is solely responsible for not filing an opposition brief or responsive statement of material facts.  *See Colon v. Karnes*, 2012 U.S. Dist. LEXIS 14692, *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions.").

Second, Defendant is prejudiced by Plaintiff's inaction because he "cannot

defend an action that Plaintiffs do not pursue." *See Taliaferro v. Darby Twp. Zoning Bd.*, 2008 U.S. Dist. LEXIS 55695, *7 (E.D. Pa. 2008) (dismissing the complaint pursuant to Rule 41(b)).

Third, Plaintiff appears to have history of dilatoriness.  The instant motion to dismiss, or for summary judgment, was filed nearly seven (7) months ago.  On September 5, 2014, this Court entered an Order, (Doc. 13), directing Plaintiff to respond, however he has failed to file an opposition brief or a responsive statement of material facts.  Additionally, Plaintiff never requested an enlargement of time within which to do so. *Binkley v. Rendell*, 2012 U.S. Dist. LEXIS 89510, *7 (M.D. Pa. 2012) (Rambo, J.) (concluding that the plaintiff's dilatoriness of less than one month in filing a brief in opposition outweighed any of the other considerations set forth in *Poulis*).

Fourth, this Court finds that Plaintiff's decision not to file a brief in opposition to Defendant's motion or a responsive statement of material facts is willful. *See Crouse v. W. Leb. Twp.*, 2006 U.S. Dist. LEXIS 25972, *4 (M.D. Pa. 2006) (concluding, "plaintiff's failure to comply with the order of court directing him to file responses to the pending motions and advising that inaction may result in dismissal of the complaint ... constitutes willful disregard of the court's authority").

Fifth, because Plaintiff is indigent, this Court finds that alternative, monetary, sanctions would not be effective.  *See Dennis v. Feeney*, 2012 U.S. Dist. LEXIS 7328, *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"); *Shilala v. SCI Albion*, 2012 U.S. Dist. LEXIS 95887, *7 (W.D. Pa. 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.").

Lastly, it is unlikely that Plaintiff's claims will succeed against the Defendant as he has failed to exhaust administrative remedies.  *See Pozoic v. Cumberland County Prison*, 2012 U.S. Dist. LEXIS 4202, *9 (M.D. Pa. 2012) (in analyzing the sixth *Poulis* factor, this Court stated that it could not find that the complaint would be successful on the merits because the plaintiff failed to exhaust administrative remedies before bringing his claim.  The complaint was dismissed pursuant to Rule 41(b)), *citing Smith v. Pa. Dep't of Corr.*, 2011 U.S. Dist. LEXIS 113542, *28 (W.D. Pa. 2011) ("Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies.").

Consequently, the *Poulis* factors weigh in favor of dismissing Plaintiff's complaint for failure to prosecute.  Regardless, this Court finds that Plaintiff failed to exhaust administrative remedies and will grant Defendant's motion.  Moreover, Plaintiff's claims are unlikely to succeed even if administrative remedies had been

14

exhausted.

  B.  *Exhaustion*

  The Prison Litigation Reform Act of 1995 ("PLRA"), as amended 42 U.S.C.

§ 1997e, requires prisoners to present their claims through an administrative

grievance process before seeking redress in federal court.  The Act specifically

provides, "[n]o action shall be brought with respect to prison conditions under

section 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted."  42 U.S.C. § 1997e(a).  An inmate must comply with the

PLRA exhaustion requirement as to any claim that arises in the prison setting,

regardless of the nature of the claim or of the relief sought.  *Porter v. Nussle*, 534

U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[I]t is

beyond the power of ... any ... [court] to excuse compliance with the exhaustion

requirement, whether on the ground of futility, inadequacy or any other basis."

*Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000).  Failure to exhaust administrative

remedies is an affirmative defense that must be pled and proven by the defendant.

*Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002) (reasoning that "[p]rison officials

are likely to have greater legal expertise and, as important, superior access to

prison administrative records in comparison to prisoners").

Further, the PLRA mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court, which demands compliance with an agency's deadlines and other procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004) (concluding that the PLRA includes a procedural default component); *Rivera v. Pa. Dep't of Corr.*, 388 Fed. Appx. 107, 108 (3d Cir. 2010) ("An inmate must exhaust his administrative remedies *prior* to filing a civil action in federal court.") (emphasis added). A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. *McKinney v. Kelchner*, 2007 U.S. Dist. LEXIS 71958, *8 (M.D. Pa. 2007) (citing *Spruill*, 372 F.3d at 227-32; *Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000)).

The Bureau of Prisons has established an Administrative Remedy Procedure through which an inmate may seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter. This procedure applies to all inmates confined in Bureau of Prisons institutions. 28 C.F.R. § 542.10. Inmates are to informally present their complaints to the staff and the staff must attempt to resolve the matter. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate must then execute the

16

appropriate form to bring the matter to the attention of the warden.  28 C.F.R. §

542.14(b).  The warden must then respond to the inmate's complaint within twenty

(20) days.  *Id.* at § 542.18.  If an inmate is dissatisfied with the warden's response,

he may then appeal to the Regional Director.  *Id.* at § 542.15.  If the response of the

Regional Director is not satisfactory, the inmate may then appeal to the Central

Office of the Federal Bureau of Prisons, which is the final administrative appeal in

the Bureau of Prisons.  *Id.*

Defendant contends that he is entitled summary judgment because Plaintiff

failed to properly exhaust his available administrative remedies prior to filing the

instant action.  (Doc. 11, pp. 6-8).

Defendant has produced uncontroverted evidence which reveals that during

the relevant time period, Plaintiff failed to file administrative remedy requests

addressing the issues complained of in the instant complaint.  Specifically,

Defendant states that Plaintiff failed to file any administrative remedies regarding

his claim that Defendant used excessive force against him on November 18, 2013.

(Doc. 11, pp. 7-8).  Defendant contends that the remedies filed by Plaintiff "are not

at all related to the allegations of [Plaintiff's] complaint."  (Doc. 11, p. 8).

Michael S. Romano, Attorney Advisor at USP-Lewisburg, declared under

penalty of perjury that a review of the Department records confirmed that Plaintiff

filed nine (9) Administrative Remedies, but never filed a grievance complaining that Defendant used excessive force on him, made derogatory racial slurs towards him, or denied him access to medical care.  (Doc. 11, Ex. 1, Declaration of Michael S. Romano, ¶¶ 4, 8-17).

As discussed above, Plaintiff filed nine (9) Administrative Remedies within the Bureau of Prisons.  Plaintiff filed requests for administrative relief pertaining to Disciplinary Hearings, staff complaints, and allegations that his life was in danger. (Doc. 11, Attach. 4, BOP SENTRY Report, Administrative Remedy Generalized Retrieval).  A review of the SENTRY report reveals that Plaintiff did not grieve his allegations against Defendant.  (*Id.*).  *See Germosen v. Reno*, 2000 U.S. Dist. LEXIS 23146, *16-17 (M.D. Pa. 2000) (Vanaskie, J.), *aff'd*, 90 Fed. Appx. 435 (Table) (3d Cir. 2003) (a prisoner must exhaust administrative remedies on each claim raised in his complaint).

Plaintiff failed to provide evidence that he exhausted the available administrative remedies.  Plaintiff's failure to pursue the appropriate administrative process with respect to his claims precludes the litigation of such claims. Accordingly, Plaintiff failed to properly exhaust his administrative remedies before filing this action and Defendant is entitled to summary judgment.  *See Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006) ("[A] prisoner must exhaust

all available administrative remedies prior to filing suit, including a *Bivens*

action"). However, even if Plaintiff had exhausted his administrative remedies, for

the reasons that follow, he has failed to submit any evidence showing that there is a

genuine issue for trial as to any of his claims.

    C.    *Excessive Force Claim*

"The use of excessive force against prisoners may constitute cruel and

unusual punishment in violation of the Eighth Amendment." *Moultrie v. Luzerne*

*County Prison*, 2008 U.S. Dist. LEXIS 87008, *13 (M.D. Pa. 2008) (citing *Hudson*

*v. McMillian*, 503 U.S. 1, 5 (1992)). "The Eighth Amendment prohibits prison

officials from unnecessarily and wantonly inflicting pain in a manner that offends

contemporary standards of decency." *Tompkins v. County of Lackawanna*, 2013

U.S. Dist. LEXIS 20823, *10-13 (M.D. Pa. 2013) (citing *Hudson*, 503 U.S. at 8).

"[W]henever prison officials stand accused of using excessive physical force in

violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is

that set out in *Whitley*: whether force was applied in a good-faith effort to maintain

or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503

U.S. at 6-7 (discussing *Whitley v. Albers*, 475 U.S. 312 (1986)). "It is obduracy

and wantonness, not inadvertence or error in good faith, that characterize the

conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley*, 475

U.S. at 319.

To determine whether a correctional officer has used excessive force in violation of the Eighth Amendment, the courts consider several factors, including:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley*, 475 U.S. at 321).  "[A] showing of 'significant' or 'serious' injury is not necessary to make an Eighth Amendment claim."  *Id.* at 107 (quoting *Hudson*, 503 U.S. at 8).  Courts "must assess the degree of force employed in relation to the apparent need for it... [and] *de minimis* force may, in extreme instances, violate the Eighth Amendment." *Id.*

The undisputed facts of this case establish that Defendant did not use excessive force against Plaintiff.  Defendant provided a printed report of the TRUINTEL data base which reveals that there is no record of any incident involving the use of force against Plaintiff.  (SOF ¶ 24); (Doc. 11, Ex. 1, Declaration of Michael S. Romano, ¶ 4); (Doc. 11, Attach. 3, TRUINTEL printout).  Additionally, the SENTRY report provided by Defendant reveals that Plaintiff failed to file an Administrative Remedy regarding any use of force by

Defendant.  (Doc. 11, Attach. 4, BOP SENTRY Report, Administrative Remedy Generalized Retrieval).

Moreover, Plaintiff received medical treatment one (1) day after the alleged incident.  (Doc. 11, Attach. 2, Clinical Encounter Record).  When he presented to medical, Plaintiff denied having any pain and he was in no apparent distress.  (*Id.*).  Upon examination of his right hand, there was no joint deformity, no swelling, no ecchymosis, and no erythema.  (*Id.*).  All other tests, including range of motion and flexion, were normal.  (*Id.*).  Thus, there is no evidence that Plaintiff suffered any injury as a result of the alleged incident.

Plaintiff failed to submit any evidence to contradict the record. Consequently, even if Plaintiff had exhausted this claim, Defendant would be entitled to summary judgment on Plaintiff's excessive force claim.

### D.  *Non-Medical Staff and Deliberate Indifference*

A non-physician defendant cannot be found deliberately indifferent under the Eighth Amendment because he fails to respond to the medical complaints of an inmate being treated by a prison physician, or because, as non-physicians, they defer to the medical judgment of the inmate's treating physicians.  *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).  If, however, non-medical prison personnel had "a reason to believe (or actual knowledge) that prison doctors or

their assistants are mistreating (or not treating) a prisoner," liability may be imposed. *Spruill*, 372 F.3d 236.

The record in the instant action demonstrates that Plaintiff did in fact receive medical attention. Plaintiff was treated on November 19, 2013, one (1) day after the alleged incident. (Doc. 11, Attach. 2, Clinical Encounter Record). Upon examination, Plaintiff "denie[d] any pain." (*Id.*). Plaintiff was not in any distress, there was no swelling or other problems with his wrist, hand or fingers, and all tests were normal. (*Id.*). Plaintiff's request for an x-ray was denied as there was no indication that an x-ray was necessary. (*Id.*).

Therefore, Good, a non-medical Defendant, cannot be found deliberately indifferent to Plaintiff's medical needs when Plaintiff received care by the prison medical staff and a medical provider was on the housing unit daily. *Durmer*, 991 F.2d at 69. *See also Thomas v. Zinkel*, 155 F. Supp. 2d 408, 413 (E.D. Pa. 2001) (Prison officials "who are not physicians cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor."), *citing Durmer*, 991 F.2d at 69 n.14); *Newton v. Reitz*, 2009 WL 233911(M.D. Pa. 2009) ("[T]he United States Court of Appeals for the Third Circuit held in *Durmer* that a non-physician Defendant cannot be held liable for being deliberately indifferent to

an inmate's medical needs where, as here, the inmate is receiving treatment from the institution's health care staff."), *citing Durmer*, 991 F.2d at 609.  Summary judgment will therefore be awarded in favor of Defendant on this claim.

      E.     *Derogatory Remarks*

It has been recognized that the use of words generally cannot constitute a constitutional violation.  *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973); *Maclean v. Secor*, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); *Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); *Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").  Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.  *Fisher v. Woodson*, 373 F. Supp. 970, 973 (E.D. Va. 1973); *see also Balliet v. Whitmire*, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), *aff'd*, 800 F.2d 1130 (3d Cir. 1986).  A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, or under the Fifth Amendment's substantive due process clause.  *See Prisoners' Legal Ass'n*, 822 F. Supp. at 189; *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991).

Verbal harassment or threats, with some reinforcing act accompanying them, however, may state a constitutional claim.  For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words.  *See Northington v. Jackson*, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); *Douglas v. Marino*, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife).  It has also been found that verbal harassment can rise to a constitutional level in a situation where fulfillment of the threat was conditioned on the inmate's exercising some constitutionally protected right.  *Bieros v. Nicola*, 860 F. Supp. 226, 233 (E.D. Pa. 1994); *see also Prisoners' Legal Ass'n*, 822 F. Supp at 189; *Murray*, 809 F. Supp. at 384.

Defendant contends that Plaintiff's claims of verbal harassment alone are insufficient to state a constitutional violation and fail as a matter of law.  (Doc. 12, pp. 11-12).

Plaintiff alleges that, on November 18, 2013, Defendant made a derogatory, racist remark to him.  (Doc. 1, p. 3).  Plaintiff states that "[a]fter making this racial remark to me Officer Good did cease pressing the tray slot against my wrist." (Doc. 1, p. 3).  There is no indication that Plaintiff was threatened at that time, or threatened with any future action.  Further, he did not suffer a change or denial of a

constitutionally protected right or status.  Therefore, Plaintiff's allegation of being subjected to verbal harassment does not rise to the level of a viable civil rights claim.  *See Hart v. Whalen*, 2008 WL 4107651, \*10 (M.D. Pa. 2008).

## IV.   CONCLUSION

Despite being ordered to respond to Defendant's motion to dismiss, or in the alternative, for summary judgment, Plaintiff failed to respond.  Defendant's motion is therefore deemed unopposed.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for a plaintiff's failure to comply with procedural rules or orders of the court.  This Court specifically directed Plaintiff to file a brief in opposition to Defendant's motion, but he failed to comply.  The *Poulis* factors weigh in favor of dismissing Plaintiff's complaint for failure to prosecute.  However, this Court has considered Defendant's exhaustion argument and addressed the merits and finds that the motion for summary judgment should be granted.

An appropriate Order follows.